UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronald J. Allison,<br><br>      Plaintiff<br><br>v.<br><br>Clark County Detention Center,<br><br>      Defendant | Case No. 2:22-cv-01065-CDS-VCF<br><br>Order Dismissing and<br>Closing Case |

Plaintiff Ronald J. Allison brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Clark County Detention Center. ECF No. 1-1. On January 19, 2023, the court ordered Allison to file his updated address and a non-prisoner application to proceed *in forma pauperis* by February 20, 2023. ECF No. 4. The court warned Allison that the action could be dismissed if he failed to file these documents. *Id.* at 2. That deadline expired, and plaintiff did not file his updated address or a non-prisoner application to proceed *in forma pauperis*, move for an extension, or otherwise respond, and the court's order came back as undeliverable to the last address that plaintiff provided. ECF No. 5.

I.  DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

        The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Allison's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

        The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Allison files his updated address and a non-prisoner application to proceed *in forma pauperis*, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: the court's last order came back as undeliverable, and there is no reason to believe that a second order would even reach plaintiff. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Allison's failure to file his updated address and a non-prisoner application to proceed *in forma pauperis*, in compliance with this court's order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case.

If Allison wishes to pursue his claims or intends to file any new pro se civil actions in this district in the future, he must first obtain pre-filing permission from the Chief Judge of this court in compliance with the order issued in case number 2:22-cv-01114-CDS-EJY.

IT IS SO ORDERED.

DATED: May 23, 2023

_____
UNITED STATES DISTRICT JUDGE